**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-7150

TYRONE SIMMONS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-95-322-5-BO)

Submitted: March 19, 1996

Decided: April 1, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Barbara D. Kocher, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone Simmons seeks review of the district court's order finding that he suffers from a mental disease or defect requiring custody of care or treatment in a suitable facility pursuant to 18 U.S.C. § 4245 (1988). Simmons does not challenge the court's finding that he suffers from a mental disease, and the record is uncontradicted on the point that he suffers from paranoid schizophrenia. He contends, however, that the court erred by finding that his disease was so debilitating that it warranted transferring him to a psychiatric hospital against his will. He argues that the primary purpose of such institutionalization will be to forcibly subject him to psychotropic medication, and avers that such treatment is unnecessary, relying on the testimony of Dr. Owens, Simmons's treating psychiatrist, that it is possible to maintain him in the general population without such medication.

To justify Simmons's involuntary commitment, the Government had to prove, by a preponderance of the evidence, that he suffers from a mental disease or defect which requires custody of care or treatment in a suitable facility. See United States v. Baker, 45 F.3d 837, 840 (4th Cir. 1995). As with the issue of whether Simmons suffers from a mental disease, the medical evidence of record is uncontradicted as to whether Simmons's disease requires custody and treatment in a psychiatric facility. Both Dr. Owens, and Dr. Royal, a court appointed psychiatrist, agreed that Simmons needs such treatment. We therefore find that the district court's determination that the Government carried its burden on this point was not clearly erroneous. See United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990) (citing standard of review).

As for the possibility that Simmons will involuntarily receive psychotropic medication during his commitment, we note that the record does not disclose that this decision has yet been made. Moreover, the

2

issue was not passed on below, and is improperly raised for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976). We therefore decline to consider this issue.

Accordingly, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED